**COMMONWEALTH of Pennsylvania, Appellant**

**v.**

**Emanuel Eugene RILEY, Sr., Appellee.**

Superior Court of Pennsylvania.

Submitted March 21, 2011.

Filed May 5, 2011.

---

Christopher J. Schmidt, Assistant District Attorney, Harrisburg, for Commonwealth, appellant.

John M. Glace, Harrisburg, for appellee.

BEFORE: BENDER, FREEDBERG and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

The Commonwealth appeals the order dismissing the prosecution against Emanuel Riley pursuant to Pa.R.Crim.P. 600. We reverse the order and remand for proceedings consistent herewith.

The Commonwealth filed a criminal complaint against Riley on February 21, 2009. He was arrested and was later released on bail. As of May 26, 2010, the 459th day after the complaint date, the case had not been tried. During those 459 days, there had been at least one defense continuance. That continuance accounted for the 55 days in the period of November 18, 2009, through January 11, 2010, inclusive.

██ Also on May 26, 2010, Riley moved for a dismissal under Rule 600. To resolve Riley's motion, the court needed to obtain one or more transcripts of earlier proceedings which dealt in one way or another with scheduling issues. In order to obtain those transcripts and render a decision, the court continued the case.[1] In September 2010, the court entered an order granting the Rule 600 motion and dismissing this case. The Commonwealth then filed this appeal challenging several of the determinations the court made as to why various time periods should be charged against the Commonwealth.

We have discussed Rule 600 in the following way:

> Rule 600 provides, *inter alia,* that a defendant on bail is entitled to have trial commence no later than 365 days after the complaint date. Pa.R.Crim.P. 600(A)(3). When computing the number of pretrial days attributable to the Commonwealth under this rule, certain delays are excluded, such as those occasioned by defense postponements, by

---

* Retired Senior Judge assigned to the Superior Court.

1. The delay necessitated from the filing of the motion until the trial court's resolution is not attributable to the Commonwealth. *Commonwealth v. Hyland,* 875 A.2d 1175, 1190 (Pa.Super.2005).

express defense waivers of Rule 600, by the unavailability of the defendant or defense counsel, and/or by the fact that the defendant could not be located and apprehended. Pa.R.Crim.P. 600(C).

At any time before trial, a defendant may move for dismissal of the case if Rule 600 has been violated. Pa. R.Crim.P. 600(G). However, even when the defendant has not been tried within the aforesaid 365 days, and even when those days appear to be attributable to the Commonwealth, a Rule 600 motion shall nevertheless be denied if the Commonwealth proves that it acted with due diligence in attempting to try the defendant timely and that the circumstances occasioning the delay were beyond the Commonwealth's control. *Commonwealth v. Frye,* 909 A.2d 853, 858 (Pa.Super.2006); Pa.R.Crim.P. 600(G). Thus, if the Commonwealth establishes it acted with due diligence and shows the delay in question was beyond the Commonwealth's control, the delay is excusable. *Frye,* 909 A.2d at 858.

Due diligence is a fact-specific concept to be determined on a case-by-case basis. *Commonwealth v. Ramos,* 936 A.2d 1097, 1102 (Pa.Super.2007). While due diligence does not demand perfection, it does require the Commonwealth to put forth a reasonable effort. *Id.*

*Commonwealth v. Bradford,* 2 A.3d 628, 632 (Pa.Super.2010).

■ Because the Commonwealth cannot control the calendar of a trial court, delay occasioned by the court's unavailability is usually excusable. *Commonwealth v. Trippett,* 932 A.2d 188, 198 (Pa.Super.2007). However, the Commonwealth may, under some circumstances (*e.g.* a prolonged judicial absence), have a duty to seek other courtrooms to try the case. *Commonwealth v. Anderson,* 959 A.2d 1248, 1250 (Pa.Super.2008). The extent of this duty depends on the specifics of each case. *See id.* The guiding principle is, again, that the Commonwealth must exercise due diligence by putting forth a reasonable effort in light of the particular case facts. *Bradford,* 2 A.3d at 632.

■ Along similar lines, delays caused by administrative decisions of the court, decisions over which the Commonwealth has no control, are generally excused. *Commonwealth v. Malgieri,* 889 A.2d 604, 608 (Pa.Super.2005). In *Malgieri,* this Court found the Commonwealth was not chargeable for time caused by the unavailability of a jury pool where that unavailability resulted from the court's decision not to summon the pool in the last week of the 365–day period. We also noted that, while it was true the Commonwealth had time prior to the final week of the 365–day period to try the defendant, the Commonwealth was entitled to expect that the final week would be available for its use in trying the case. The reason the case did not proceed to trial in that final week was, again, an administrative scheduling decision of the court.

■ This Court reviews a ruling under Rule 600 pursuant to an abuse-of-discretion standard. *Bradford,* 2 A.3d at 632–33. An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law. *Id.*

As we indicated *supra,* the trial court in this case made numerous determinations about various blocks of time from February 21, 2009, to the call of this case for trial on May 26, 2010. The Commonwealth takes issue with several of those determinations. We will discuss only the dates and determinations necessary for the resolution of this matter.

The time from the filing of the complaint against Riley through the day the case was

called on May 26, 2010, was 459 days. It is undisputed that at least 55 days were excludable due to a defense continuance. Thus, 404 days are at issue.

■ This case was, at one time, set to be called for trial on January 12, 2010. On that day, the trial judge was ill and Riley's counsel was involved in a trial in another county.[2] Accordingly, this matter was continued to the February trial term and was called for trial on February 12, 2010. On that date, the case could not proceed to trial because the Dauphin County Court Administrator had released the jury pool on February 10th or 11th. The Administrator did so because of a snowstorm. There being no potential jurors available, the case was then continued until the March trial term. On March 22, 2010, the case was reassigned to another judge. For reasons not relevant to our analysis, the case was not called for trial until May 26, 2010.

As a result of the foregoing facts, the trial court charged the Commonwealth with the 31–day period of January 12, 2010, through February 11, 2010, inclusive. The court did so because the Commonwealth failed to request, on January 12th, that the case be reassigned to another courtroom. We find this assessment of time to be manifestly unreasonable and a misapplication of Rule 600. Because Riley's counsel was unavailable, the 31 days in the period of January 12th through February 11th was excludable time. Even if the Commonwealth had sought to trans-

fer the case to another courtroom, the transfer would not have resulted in a trial. As such, the court erred in attributing the aforesaid days to the Commonwealth.

■ The trial court also charged the Commonwealth with the 39–day period of February 12, 2010 through March 22, 2010, inclusive.[3] It is not entirely clear why the court did so. In its opinion, the court invites us to examine the record and suggests we will find that no defense continuance accounted for this particular delay. Our examination of the record reveals the unavailability of potential jurors on February 12th resulted from a decision of the court, namely the Court Administrator, to release the venire due to a snowstorm. We find it is manifestly unreasonable and an error of law to charge the Commonwealth for a delay arising from a combination of a snowstorm and a court administrative decision over which the Commonwealth had no control. Therefore, the 39 days in the period of February 12, 2010, through March 22, 2010, were excusable.

■ We understand Riley's argument that, had the Commonwealth placed this case higher on the trial list, the case may have been called for trial earlier in the March trial term, before the jury pool was dismissed.[4] To whatever extent Riley's contention may or may not have proven to be true as a factual matter, we see no reason why the Commonwealth was not entitled to anticipate jurors would be available for the full term. Thus, we find it is

---

**2.** This fact, as well as most of the facts recited herein, have been gleaned from the discussion between the court and the parties that took place on the record on February 12, 2010. That discussion, and the transcript thereof, touch upon various matters relevant to Rule 600.

**3.** Initially, the court made this time attributable to Riley. However, the court later

amended its order and charged this time to the Commonwealth.

**4.** It appears that, in Dauphin County, after a case is scheduled for a particular trial term, the Commonwealth decides the order in which the cases will then be called for trial in that term.

unreasonable to fault the Commonwealth for not having placed the case higher on the list.

Based on our foregoing discussion, the trial court wrongly attributed 70 days to the Commonwealth. Subtracting that amount from the 404 days at issue leaves 334 days through the call of the case on May 26, 2010. As such, the case was called within the limits of Rule 600. Therefore, it was legal error to grant the Rule 600 dismissal.[5] Consequently, we reverse the order dismissing this case and remand for proceedings consistent herewith.

Order reversed. Case remanded for proceedings consistent herewith. Jurisdiction relinquished.

---

5. As we indicated earlier in this memorandum, the Commonwealth also takes issue with the way the court charged some of those remaining 334 days. We need not address the Commonwealth's arguments concerning those days because it is apparent Rule 600 was not violated.