J-S57011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM WILKINSON | |
| Appellant | No. 2369 EDA 2014 |

Appeal from the PCRA Order July 21, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010104-2007

BEFORE:  MUNDY, J., OTT, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:                    **FILED JANUARY 25, 2016**

Appellant, William Wilkinson, appeals from the July 21, 2014 order dismissing, without a hearing, his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The PCRA court has fully and accurately recounted the factual history of this case in its opinion filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).  **See** PCRA Court Opinion, 11/24/14, at 2-6.  Relevant to this appeal, we note the following pertinent facts.  Appellant and the complainant were involved in a romantic relationship and lived together.  **Id.** at 2.  In December 2006, Appellant advised complainant that he was in financial difficulty and could not maintain the mortgage on his home and an agreement was reached where Appellant sold his house to complainant.  **Id.**

On February 2, 2007, complainant prepared a will leaving her entire estate to her daughter. *Id.* at 2-3. "Appellant cautioned [c]omplainant that if she were required to be admitted to a hospital or if she were committed to a mental institution she would loose [sic] control of everything[,]" and he persuaded her to transfer the $48,000.00 in her bank account to him for safekeeping, which he immediately deposited in his account at Commerce Bank. *Id.* at 3. On February 4, 2007, complainant attempted suicide, leaving a note for Appellant to give everything to her daughter. *Id.* Complainant was transferred to the hospital, then to a mental hospital for treatment, and ultimately released. *Id.* Appellant then told complainant he was no longer permitted to be around her. *Id.* Complainant never received her money back from Appellant despite requesting it on multiple occasions. *Id.*

The PCRA court set forth the subsequent procedural history in its Rule 1925(a) opinion, as follows.

> On April 3, 2007[,] Appellant was arrested and charged with Theft and Securing Execution of Documents by Deception and on April 22, 2008, following a jury trial … he was found guilty of those crimes. On [] June 12, 2008[,] Appellant was sentenced to a term of imprisonment of not less than twenty-one (21) months nor more than four (4) years plus three (3) years' probation for Theft, and a term of imprisonment of not less than one (1) year nor more than two years (2) for Execution of Documents by Deception. Post[-s]entence [m]otions were filed and on July 31, 2008[,] they were denied. Appellant filed a timely [n]otice of [a]ppeal to the Superior Court of Pennsylvania on August 20, 2008.

On October 14, 2011[,] the Superior Court of Pennsylvania affirmed the [j]udgment of [s]entence[, ***Commonwealth v. Wilkinson***, 37 A.3d 1231 (Pa. Super. 2011), *appeal denied*, 49 A.3d 443 (Pa. 2012),] and on November 14, 2011[,] Appellant filed a [p]etition for [a]llowance of [a]ppeal in the Supreme Court of Pennsylvania. On August 8, 2012[,] the Supreme Court of Pennsylvania denied [] Appellant's [p]etition for [a]llowance of [a]ppeal.

On March 8, 2013[,] Appellant filed a [timely p]etition pursuant to the [PCRA] and on November 14, 2013[,] the Commonwealth filed a [m]otion to [d]ismiss. [On May 2, 2014,] Appellant was given [n]otice pursuant to Pa.R.Crim.P. 907 of the [PCRA c]ourt's intention to dismiss the PCRA [p]etition without a hearing and Appellant responded. On July [21], 2014[,] the PCRA [petition] was dismissed.

***Id.*** at 1-2 (footnote omitted).

On August 14, 2014, Appellant filed a timely notice of appeal.[1] On appeal, Appellant raises the following issues for our review.

I. Was Appellant denied a legitimate opportunity to develop and present his claims under the Post-Conviction Collateral Relief Act when the [trial] court denied his petition without an evidentiary [hearing]?

II. Was Appellant denied his Constitutional right to effective assistance of counsel when trial counsel failed to obtain copies of the complainant's transcribed testimony from previous judicial proceedings for impeach[ment] purposes at trial?

III. Was Appellant denied his Constitutional right to effective assistance of counsel when trial counsel failed to object to testimony elicited from Commerce

_____

[1] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Bank employees, Appellant's former spouse, and his former girlfriend regarding matters that were unduly prejudicial and unrelated to the charges?

IV. Was trial counsel ineffective when he failed to file a [m]otion to [d]ismiss under Rule 600 of the Pennsylvania Rules of Criminal Procedure when the Commonwealth failed to prosecute him within three hundred and sixty-five (365) days of his arrest in violation of his right to a speedy trial?

V. Was Appellant denied his Constitutional right to effective assistance of counsel when Appellant was not informed of the use and importance of character testimony and his right to secure character witnesses for counsel to prepare and present during trial?

Appellant's Brief at 4-5.

Our standard of review requires us to "examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." *Commonwealth v. Robinson*, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

Further, in order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at Section 9543(a)(2) of the PCRA. 42 Pa.C.S.A. § 9543(a)(2). These errors include ineffectiveness of counsel. *Id.* § 9543(a)(2)(ii). The issues raised in a PCRA petition must be neither previously litigated nor waived. *Id.* § 9543(a)(3).

Instantly, Appellant presents five claims for our review. In his first claim, Appellant argues the PCRA court erred in dismissing his petition without an evidentiary hearing. Appellant's Brief at 19. Our review is guided by the following.

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012), *quoting Commonwealth v. Turetsky,* 925 A.2d 876, 882 (Pa. Super. 2007) (citations omitted), *appeal denied,* 940 A.2d 365 (Pa. 2007); *see also generally* Pa.R.Crim.P. 907. "We stress that an evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim ...." *Commonwealth v. Roney*, 79 A.3d

595, 604-605 (Pa. 2013) (citations and internal quotation marks omitted), *cert. denied*, **Roney v. Pennsylvania**, 135 S. Ct. 56 (2014). We review a PCRA court's decision to dismiss without a hearing for abuse of discretion. **Id.** at 604. Accordingly, we must examine Appellant's four remaining issues asserting claims of ineffective assistance of counsel in light of the record before us. **Wah**, **supra**. If Appellant has failed to raise a meritorious claim, then the PCRA court will not have abused its discretion in dismissing Appellant's claim without a hearing. Likewise, if Appellant has raised a valid claim of ineffective assistance of counsel, we would remand for an evidentiary hearing. Therefore, we proceed to address Appellant's four claims of ineffective assistance of counsel.

When reviewing a claim of ineffectiveness, we apply the following test, first articulated by our Supreme Court in **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987).

> [C]ourts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim.
>
> To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.
>
> …
>
> [T]o demonstrate prejudice, appellant must show there is a reasonable probability that, but for

counsel's error, the outcome of the proceeding would have been different.

*Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013) (internal quotation marks and citations omitted). "Failure to establish any prong of the test will defeat an ineffectiveness claim." *Commonwealth v. Birdsong*, 24 A.3d 319, 329 (Pa. 2011).

We begin by addressing Appellant's second and fifth issues. In his second issue, Appellant asserts counsel was ineffective for failing to secure transcripts from a protection from abuse (PFA) hearing in family court involving Appellant and the complainant. Appellant's Brief at 22-24. Appellant baldly asserts that "[i]f the complainant's prior testimony was inconsistent with how she testified at trial, counsel could have used the transcript for impeachment purposes." *Id.* at 22-23. In his fifth issue, Appellant argues trial counsel was ineffective for failing to "call character witnesses to testify about his reputation in the community for possessing specific traits." *Id.* at 33. Appellant argues that "[h]ad trial counsel discussed this important trial strategy with him, he would have elected to call character witnesses, and he would have secured character witnesses to testify on his behalf." *Id.* at 33-34.

In both issues, Appellant fails to articulate his claims with any specificity, or set forth how these purportedly ineffective decisions by trial counsel would have changed the outcome of trial. In the second issue, Appellant fails to specify what statements made by complainant he wished to

use, or how these statements would have been used for impeachment purposes. Further, in his fifth claim, Appellant does not state what witnesses he would have presented, or more importantly what character traits they would have testified to, or how that would have changed the jury's verdict. Accordingly, Appellant's claim is waived based on his failure to prove his claim is of arguable merit, or how such omissions caused him prejudice. **See Fears**, **supra** at 804 (concluding that the "failure to meaningfully discuss each of the three ineffectiveness prongs" renders claim "waived for lack of development[]").

Next, in his third issue Appellant argues trial counsel was ineffective for failing to object to the testimony of three different witnesses at trial. Appellant's Brief at 25. Specifically, Appellant argues counsel should have objected to the testimony of Jennifer Erni regarding dating Appellant for four months and subsequently filing a suit against him for $1,200,000.00 in damages; Colleen Moran, Appellant's former spouse who testified that Appellant owed her $5,000.00 in child support arrears, that a lien had been placed on Appellant's property, and that the property had been sold in March 2007; and finally Henry Byrd, Senior Fraud Investigator for Commerce Bank, who testified that complainant closed her bank account in May 2007, and testified to the balances of, and transaction on Appellant's account as of trial. **Id.** at 25-28.

The Commonwealth, however, argues that Appellant has failed to "present his claim with the *Pierce* framework." Commonwealth's Brief at 11. Preliminarily, we agree. In reference to each of the three witnesses Appellant fails to develop his claim based on the arguable merit prong, or to address the possibility of choosing not to object as a reasonable trial strategy. On this basis alone, we could find waiver. *See Fears*, *supra*. To the extent Appellant purports to argue the prejudice prong of the *Pierce* test to the witnesses, Appellant has failed to explain how, in light of the overwhelming evidence against him; the testimony of these three witnesses would have changed the outcome at trial, and rather makes bald assertions of prejudice.[2]

It is axiomatic that to be entitled to PCRA relief, a petitioner must be able to show how he or she was prejudiced from trial counsel's alleged ineffectiveness.

> Relating to the prejudice prong of the ineffectiveness test, the PCRA petitioner must demonstrate that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different. Particularly relevant herein, it is well-settled that a court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the *Strickland* test, the court may proceed to that element first.

---

[2] Also noteworthy is Appellant's failure to provide any citations to the notes of testimony.

*Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012).

In this case, Appellant does not explain how objecting to the aforementioned testimony would have created "a reasonable probability that … the result of the proceeding would have been different." *Id.* Based on these considerations, we conclude Appellant is not entitled to relief on this issue. *See Spotz*, *supra* at 319 (stating, "remanding for the PCRA court to make factual findings and credibility determinations as to the 'reasonable basis' prong will be unnecessary if we determine there is no reasonable probability that an objection to the challenged jury instruction at trial would have led to a more favorable outcome for [the defendant]"); *Commonwealth v. Steele*, 961 A.2d 786, 797 (Pa. 2008) (stating, "a petitioner must set forth and individually discuss substantively each prong of the *Pierce* test[]").

Finally, in his fourth issue, Appellant argues trial counsel was ineffective for failing to file a motion to dismiss the charges pursuant to Pennsylvania Rule of Criminal Procedure 600. Appellant's Brief at 31. Appellant asserts the charges against him were filed on April 3, 2007, and a jury was empaneled on April 16, 2008, 379 days after the criminal charges were filed. *Id.* at 31. Therefore, Appellant concludes that his claim that "trial counsel was ineffective for not seeking to have his case dismissed has legal merit when the Commonwealth failed to bring the case to trial within three hundred and sixty-five days." *Id.* The Commonwealth counters that

Appellant's issue lacks arguable merit as Appellant's counsel litigated a Rule 600 motion in his companion case. Commonwealth's Brief at 14.

We recognize that the courts of this Commonwealth employ a three-step analysis to determine whether Rule 600 requires dismissal of the charges against a defendant.

> The first step in determining whether a technical violation of Rule 600 [...] has occurred is to calculate the "mechanical run date." The mechanical run date is the date by which trial must commence under the relevant procedural rule. [T]he mechanical run date is ascertained by counting the number of days from the triggering event - e.g., the date on which ... the criminal complaint was filed - to the date on which trial must commence under Rule [600]. Pa.R.Crim.P. [600(A)(3)].

***Commonwealth v. Preston***, 904 A.2d 1, 11 (Pa. Super. 2006) (internal citations omitted), *appeal denied*, 916 A.2d 632 (Pa. 2007). In the second step, we must "determine whether any excludable time exists pursuant to Rule 600(C)." ***Commonwealth v. Ramos***, 936 A.2d 1097, 1103 (Pa. Super. 2007), *appeal denied*, 948 A.2d 803 (Pa. 2008). Then, in the third step, "[w]e add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date." ***Id.***

It is well settled that any delay occasioned by a defendant is excludable time in the calculation of the adjusted run date. Pa.R.Crim.P. 600(C)(2)-(3); ***Preston***, ***supra***. Furthermore, delays not attributable to a defendant but where the Commonwealth is found to have acted with due diligence in attempting to commence a timely trial but was prevented by

- 11 -

circumstances beyond its control, is also considered excusable time. Pa.R.Crim.P. 600(G); *accord* ***Commonwealth v. Wholaver***, 989 A.2d 883, 899 (Pa. 2010), *cert. denied*, ***Wholaver v. Pennsylvania***, 131 S. Ct. 332 (2010).

> "Due-diligence is a fact-specific concept that is determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." ***Commonwealth v. Booze***, 953 A.2d 1263, 1273 (Pa. Super. 2008) (quotations and quotation marks omitted). "Judicial delay may justify postponing trial beyond the adjusted run date if the Commonwealth was prepared to commence trial prior to the expiration of the mandatory period but the court was unavailable because of 'scheduling difficulties and the like.'" ***Preston****,* 904 A.2d at 14 (citation omitted).

***Commonwealth v. Lynch***, 57 A.3d 120, 124 (Pa. Super. 2012), *appeal denied*, 63 A.3d 1245 (Pa. 2013).

> Because the Commonwealth cannot control the calendar of a trial court, delay occasioned by the court's unavailability is usually excusable. However, the Commonwealth may, under some circumstances (*e.g.* a prolonged judicial absence), have a duty to seek other courtrooms to try the case. The extent of this duty depends on the specifics of each case. The guiding principle is, again, that the Commonwealth must exercise due diligence by putting forth a reasonable effort in light of the particular case facts. Along similar lines, delays caused by administrative decisions of the court, decisions over which the Commonwealth has no control, are generally excused.

***Commonwealth v. Riley***, 19 A.3d 1146, 1149 (Pa. Super. 2011) (citations omitted).

Preliminarily, we note that Appellant concedes a Rule 600 motion was litigated. He asserts that "[t]he [d]ocket on Appellant's companion case reflects that a [m]otion to [d]ismiss was filed on February 29, 2008, but there is no similar entry on the [d]ocket of the instant case." Appellant's Brief at 32. Attached to the Commonwealth's brief is a copy of the Rule 600 motion filed in Appellant's companion case at docket number CR-0010072-2007.[3] Commonwealth's Brief at Appendix. Said motion states "[t]rial is scheduled to commence on April 7, 2008, having been consolidated for trial with charges at CP-51-CR-0010104-2007[, the instant case]." ***Id.*** at ¶3. The motion only requests dismissal pursuant to Rule 600 at the earlier docket number, and not the one in the instant matter. Notably, at the time said motion was filed, Rule 600 would not have been violated in the instant matter, and therefore, it would have been premature for counsel to file a Rule 600 motion.

_____

[3] We note said motion is not included in the docket that was transmitted to this Court. Nevertheless, as it is not critical to our review, we can address Appellant's claim. Further, the PCRA court opinion states that "[a] cursory review of the Record reflects that a motion to dismiss pursuant to Pa.R.Crim.P. 600 was heard and on April 14, 2008 it was denied." PCRA Court Opinion, 11/24/14, at 10. The certified record does not contain any notation of a denial of a Rule 600 motion on this date, but we can assume it was the date on which the February 29, 2008 motion was denied.

Herein, Appellant was charged on April 3, 2007. Assuming *arguendo* there were no excludable or excusable periods of time, the Commonwealth had 365 days, or until April 2, 2008 to bring Appellant to trial. However, the docket reveals that at the November 14, 2007 scheduling conference "Discovery complete. List for 4 day jury trial on 4/7/08[,]" noting that March 10, 2008 was "no good for [defense counsel], next earliest date 3/24 was no good for Commonwealth[,]" thus, the trial court listed the case for April 7, 2008. Additionally, the docket indicates on April 7, 2008 "Court on trial. Continued until 4/8/08[.]" April 8, April 10, April 14, and April 15, 2008 all contain notations of hearings without further notation. Trial commenced on April 15, 2008. At a minimum, the period of time from March 24, 2008 through April 8, 2008 would be excludable time. **See Riley**, **supra**. Therefore, this is a total of 15 days of excludable time, making the mechanical run date April 17, 2008 date. As a result, the Commonwealth did not violate Rule 600. Accordingly, Appellant's claim that trial counsel was ineffective for failing to file a Rule 600 motion has no arguable merit. **See Michaud**, **supra**.

Based on the foregoing, we conclude the PCRA court did not abuse its discretion by dismissing Appellant's petition without a hearing, as all of Appellant's claims of ineffective assistance of counsel are either waived or lack arguable merit. **See Roney**, **supra**; **see also Birdsong**, **supra**. Therefore, we affirm the PCRA court's July 21, 2014 order.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/25/2016