J-S74030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLIFFORD WAY | |
| Appellant | No. 239 EDA 2018 |

Appeal from the PCRA Order December 18, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0708111-2006

BEFORE: LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:　　　　　**FILED FEBRUARY 28, 2019**

Appellant, Clifford Way, appeals from an order dismissing his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. We vacate and remand for further proceedings.

The PCRA court described the factual history of this case as follows:

On the morning of June 2, 2006, [Appellant], Clifford Way, had a verbal confrontation with the victim, an ex-girlfriend, which devolved into a physical altercation. [Appellant] pulled the victim into his vehicle, where he used a knife to cut the victim's neck and stab her in her left shoulder. Then he threatened to kill her. The victim managed to persuade [Appellant] to spare her life and take her to Temple University Hospital, where she informed the trauma room staff of her ordeal. Police arrested [Appellant] outside the hospital.

PCRA Court Opinion, 3/16/18, at 1.

Appellant was charged with aggravated assault (18 Pa.C.S.A. §2702(a)), kidnapping for ransom (18 Pa.C.S.A. § 2901(a)(1)), attempted

murder (18 Pa.C.S.A. § 901(a)), possession of an instrument of crime (18 Pa.C.S.A. § 907(a)), terroristic threats (18 Pa.C.S.A. § 2706(a)(1)), unlawful restraint causing serious bodily injury (18 Pa.C.S.A. § 2902(a)(1)), simple assault (18 Pa.C.S.A. § 2701(a)), recklessly endangering another person ("REAP") (18 Pa.C.S.A. § 2705) and false imprisonment (18 Pa.C.S.A. § 2903(a)). On July 20, 2006, Appellant was held for court on all charges following a preliminary hearing.

On March 10, 2009, over two and half years after his arrest, and after many continuances, Appellant waived his right to a jury trial and proceeded to a bench trial. The court found Appellant guilty of aggravated assault, kidnapping, terroristic threats, simple assault, possession of an instrument of crime, unlawful restraint, REAP and false imprisonment. On May 20, 2009, the court sentenced Appellant to 10-20 years' imprisonment for both aggravated assault and kidnapping, to be served concurrently, followed by consecutive terms of five years' probation for possession of an instrument of crime, terroristic threats and unlawful restraint. The court did not impose further punishment for simple assault, REAP or false imprisonment.

No direct appeal followed. On January 21, 2010, Appellant filed a PCRA petition alleging ineffective assistance of counsel for failure to file a direct appeal. On October 12, 2012, the court granted Appellant's petition and reinstated his appellate rights *nunc pro tunc*. Appellant filed a timely notice of appeal.

On direct appeal, Appellant argued that the trial court erred in denying his motion to dismiss under Pa.R.Crim.P. 600 and abused its discretion in imposing the maximum sentence for aggravated assault and kidnapping. On May 9, 2014, this Court affirmed his judgment of sentence at 3152 EDA 2012. With regard to his Rule 600 motion, we reasoned:

> [Appellant] filed a *pro se* motion to dismiss pursuant to Rule 600. However, the motion is not contained in the certified record, and the court did not hold an evidentiary hearing with respect to the motion or rule upon it. Moreover, it appears that [Appellant] was represented by counsel at the time. Therefore, this document was a legal nullity . . . Furthermore, neither [Appellant] nor his counsel subsequently raised the Rule 600 motion with the trial court. Accordingly, [Appellant's] claim based upon a Rule 600 violation is waived.

*Commonwealth v. Way*, 3152 EDA 2012, at 5 (Pa. Super., filed May 9, 2014) (unpublished memorandum). We also held that Appellant waived his sentencing issue by failing to challenge the length of his sentence at his sentencing hearing or in a post-sentence motion. *Id.* at 6. Appellant subsequently filed a petition for allowance of appeal to the Supreme Court, which denied his petition on October 23, 2014.

On February 3, 2015, Appellant timely filed a PCRA petition. The court appointed PCRA counsel, who filed an amended PCRA petition on April 25, 2016. On December 18, 2017, the PCRA court denied Appellant's petition without holding a hearing. Appellant filed a timely appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises three issues on appeal: (1) trial counsel was ineffective for failing to file a motion for dismissal under Pa.R.Crim.P. 600, (2) trial counsel was ineffective for failing to file a post-sentence motion for reconsideration of Appellant's sentence, and (3) the trial court erred by failing to hold an evidentiary hearing on Appellant's PCRA petition. We combine issues (1) and (3) and hold that further factfinding is necessary on Appellant's Rule 600 claim.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). We will not disturb the PCRA court's findings unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

To obtain PCRA relief for ineffective assistance of counsel, the petitioner must establish (1) that the claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and, (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Zook*, 887 A.2d 1218, 1227 (Pa. 2005). The petitioner bears the burden of proving all three prongs of this test. *Commonwealth v. Meadows*, 787 A.2d 312, 319–20 (Pa. 2001). "Counsel is presumed to be effective and Appellant has the burden of proving otherwise." *Commonwealth v.*

*Holloway*, 739 A.2d 1039, 1044 (Pa. 1999). "A defendant's failure to satisfy even one of the three requirements results in the denial of relief." *Commonwealth v. Miller*, 987 A .2d 638, 649 (Pa. 2009).

When the PCRA petition or the Commonwealth's answer raises material issues of fact, the PCRA court shall order a hearing. Pa.R.Crim.P. 908(A)(2). The court should hold an evidentiary hearing when the petitioner sets forth sufficient facts upon which the court can conclude that trial counsel may have been ineffective. *Commonwealth v. Pettus*, 424 A.2d 1332, 1335 (Pa. 1981).

Rule 600 was amended extensively in 2013, so we will apply the version of Rule 600 in effect during pre-trial and trial proceedings in Appellant's case. It would be improper to examine trial counsel's performance under standards not yet in force. *Commonwealth v. Smith*, 675 A.2d 1221, 1233 (Pa. 1996) (attorney will not be deemed ineffective for failing to predict change in the law).

Our Supreme Court observed that the pre-2013 version of Rule 600 "has the dual purpose of both protecting a defendant's constitutional speedy trial rights and protecting society's right to effective prosecution of criminal cases." *Commonwealth v. Bradford*, 46 A.3d 693, 701 (Pa. 2012). To protect the defendant's speedy trial rights, Rule 600 requires dismissal of all charges if the Commonwealth fails to bring him to trial within 365 days of the filing of the complaint (the "mechanical run date"), subject to certain exclusions for

delays attributable to the defendant, *e.g.*, the unavailability of the defendant or defense counsel. Pa.R.Crim.P. 600(A)(3), (G). However,

> even when the defendant has not been tried within the aforesaid 365 days, and even when those days appear to be attributable to the Commonwealth, a Rule 600 motion shall nevertheless be denied if the Commonwealth proves that it acted with due diligence in attempting to try the defendant timely and that the circumstances occasioning the delay were beyond the Commonwealth's control . . . .
>
> Because the Commonwealth cannot control the calendar of a trial court, delay occasioned by the court's unavailability is usually excusable. However, the Commonwealth may, under some circumstances (*e.g.* a prolonged judicial absence), have a duty to seek other courtrooms to try the case. The extent of this duty depends on the specifics of each case. The guiding principle is ... that the Commonwealth must exercise due diligence by putting forth a reasonable effort in light of the particular case facts.
>
> Along similar lines, delays caused by administrative decisions of the court, decisions over which the Commonwealth has no control, are generally excused.

***Commonwealth v. Riley***, 19 A.3d 1146, 1148–49 (Pa. Super. 2011).

Here, the complaint against Appellant was filed on June 2, 2006, making the mechanical run date June 2, 2007. The PCRA court wrote:

> 959 days elapsed from the date the complaint was filed against [Appellant] on July 7, 2006 until the trial commenced on March 11, 2009. [Appellant] admits that only 80 days of this delay are directly attributable to the Commonwealth, while 356 are attributable to the defense. Memorandum of Law, Amended PCRA, 4/25/2016, at 11. The remaining 523 days are attributable to this Court. Thus, the question becomes whether the Commonwealth exercised due diligence in bringing the case to trial. [Appellant] argues that the Commonwealth did not exercise due diligence because it was required to request that the case be reassigned to a different judge when this Court's calendar caused a delay. This assertion is incorrect. Due diligence "includes, among other things, listing a case for trial prior to the run date,

preparedness for trial within the run date, and keeping adequate records to ensure compliance with Rule 600," all of which the Commonwealth did in the instant case. *[Commonwealth v.] Ramos*, 936 A.2d [1096,] 1102 [(Pa. Super. 2007)]. The Commonwealth is only required to seek reassignment to a different judge when extraordinary circumstances are present. [*Riley*], 19 A.3d at 1149 . . . [Appellant] does not allege or show any such extraordinary circumstances here. Instead, he implies that the Commonwealth is required to seek reassignment of a case every time the trial court is busy. Such a rule would be impracticable, and undermine the very concept of "extraordinary circumstances." The Commonwealth consistently requested the earliest possible trial date, and exercised due diligence in bringing this case to trial.

PCRA Court Opinion, 3/16/18, at 6.

We recognize that this is a serious case, and that Appellant does not dispute committing reprehensible acts of violence. Even so, we are constrained to conclude that further proceedings are necessary on Appellant's Rule 600 argument. The PCRA court summarily declared that 523 days of judicial delay—almost 1½ years—did not violate Appellant's speedy trial rights because the trial court was "busy" and the Commonwealth "consistently requested the earliest possible [trial] date." *Id.* In its present state, the record does not support this finding. Trial was continued **over twenty times** without any explanation on the docket for the vast majority of these continuances or any mention whether the Commonwealth requested the earliest possible trial date or acted with due diligence. Thus, we are unable to engage in a meaningful appellate review of Appellant's PCRA claim. The PCRA court's Rule 1925(a) opinion here lacks the necessary findings of fact with respect to the Rule 600 claim. Specifically, its Rule 1925(a) opinion does

not address all relevant periods in analyzing the merits of Appellant's Rule 600 claim. The docket here reveals a lot of docket activity, including continuances, from the time the criminal complaint was filed until the time of trial. Given the current posture of this case, on collateral review, we are constrained to vacate the PCRA court's order and remand this case to the PCRA court to conduct an evidentiary hearing to render the necessary findings of fact with respect to the merits, if any, of Appellant's Rule 600 claim. In particular, we direct the PCRA court to review thoroughly the docket in this case to resolve all delays from the time of the filing of the complaint until the time of trial. Specifically, the PCRA court shall determine whether the delay was occasioned by Appellant, the Commonwealth, or the judiciary.

Because we remand for further proceedings on the Rule 600 issue, we need not address Appellant's claim of ineffectiveness relating to the length of his sentence.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/28/19