J-S38011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARLOS D. EVANS | : | |
| | : | |
| Appellant | : | No. 260 WDA 2021 |

Appeal from the PCRA Order Entered January 29, 2021
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0000787-2016,
CP-63-CR-0000816-2016

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: FEBRUARY 8, 2022**

Appellant, Carlos D. Evans, appeals *pro se* from the post-conviction court's January 29, 2021 order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1]  Herein, Appellant

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We recognize that Appellant improperly filed a single notice of appeal listing the docket numbers of both of his two underlying cases, which violates our Supreme Court's decision in ***Commonwealth v. Walker***, 185 A.3d 969, 977 (Pa. 2018) (holding that "the proper practice under [Pa.R.A.P.] 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket" and that "[t]he failure to do so requires the appellate court to quash the appeal").  Initially, we note that ***Walker's*** quashal mandate was recently overruled in ***Commonwealth v. Young***, 2021 WL 6062566, at *11, *11 n.19 (Pa. Dec. 22, 2021) (stating it was "expressly overrul[ing] those statements in the [***Walker***] opinion indicating that the failure to comply with Rule 341 **requires** the appellate court to quash the appeal[;]" instead, "[Pa.R.A.P.] 902 permits the appellate court, in its discretion, to allow correction of the error, where appropriate") (emphasis in original).  Moreover,

argues that his trial and appellate counsel acted ineffectively. After careful review of his claims, we affirm.

This Court previously set forth a summary of the facts underlying Appellant's convictions during our disposition of his direct appeal, which we need not reiterate herein. *See Commonwealth v. Evans*, 451 WDA 2019, unpublished memorandum at 1-3 (Pa. Super. filed March 6, 2020). We only note that Appellant was charged in two separate cases with one count each of possession with intent to deliver a controlled substance (PWID), 35 P.S. § 780-113(a)(3), based on evidence that he sold heroin to a confidential informant on two occasions. Appellant proceeded to a non-jury trial in October of 2018, at the close of which he was convicted of both PWID counts. On January 7, 2019, the court imposed an aggregate sentence of 30 to 60 months' incarceration, followed by two years' probation. Appellant filed a timely direct appeal, and this Court affirmed his judgment of sentence on March 6, 2020. *See Evans*, *supra*. Appellant did not petition for allowance of appeal with our Supreme Court.

Instead, on March 25, 2020, Appellant filed a *pro se* PCRA petition. The court appointed counsel, who subsequently filed a motion to withdraw. New

_____

the PCRA court's order dismissing Appellant's petition incorrectly stated that he "has the right to file *an appeal*" with this Court within 30 days. Order, 1/29/21 (single page; emphasis added). Our Court has held that such language constitutes a breakdown in the operation of the court that excuses a *Walker* violation. *See Commonwealth v. Larkin*, 235 A.3d 350 (Pa. Super. 2020) (*en banc*). Accordingly, we do not quash Appellant's appeal, and we need not remand for him to file corrected notices of appeal.

counsel was appointed, and that attorney also filed a petition to withdraw and "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On December 22, 2020, the court issued an order granting counsel's petition to withdraw and notifying Appellant of its intent to dismiss his petition without a hearing in accordance with Pa.R.Crim.P. 907. Appellant filed several *pro se* responses to the court's Rule 907 notice, but on January 29, 2021, the court issued an order dismissing his PCRA petition. Appellant filed a timely, *pro se* notice of appeal. The court did not order him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and it does not appear that the court filed a Rule 1925(a) opinion.[2]

Appellant filed a *pro se* brief with this Court on July 7, 2021. That brief does not comply with the Rules of Appellate Procedure. Specifically, Appellant includes only an "Argument" section, and omits the other sections required by Pa.R.A.P. 2114 through 2118. Notwithstanding, we can discern the issues Appellant seeks to raise herein, namely that (1) trial counsel acted ineffectively by failing to file a motion to dismiss Appellant's case under Pa.R.Crim.P. 600; and (2) appellate counsel acted ineffectively by not adequately arguing on direct appeal that the Commonwealth failed to disclose the authority by which it conducted wiretapping in this case, as required by

---

[2] Nevertheless, the court's rationale for dismissing Appellant's petition was set forth in its Rule 907 notice. Therefore, we rely on that document in assessing Appellant's issues.

Pa.R.Crim.P. 573(b)(1)(g). Thus, we will overlook Appellant's briefing errors and asses the merits of his issues.

To begin, we recognize that "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa. 1997) (citing *Commonwealth v. Travaglia*, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has stated that:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." … [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

*Commonwealth v. Johnson*, 966 A.2d 523, 532-33 (Pa. 2009) (citations omitted).

Appellant first contends that his trial counsel was ineffective for not filing a motion to dismiss Appellant's case based on a violation of Pa.R.Crim.P.

- 4 -

600(A)(2)(a) ("Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed."). In its Rule 907 notice, the PCRA court explained that 1,012 days passed between the filing of the criminal complaints against Appellant and his non-jury trial. *See* Order, 12/22/20, at 7. However, the court concluded that 744 of those days are excludable for Rule 600 purposes. *See id.*; *see also* Pa.R.Crim.P. 600(c) (setting forth the requirements for computing time under the rule and indicating, generally, that delay caused by the Commonwealth's failure to exercise due diligence shall be included in the computation, and delays caused by the defendant shall be excluded from the computation). The PCRA court listed the excludable delays and determined that, after omitting that time from the Rule 600 computation, Appellant was brought to trial within 268 days, thereby satisfying the 365-day requirement of Rule 600(c). *See id.* at 7-8. Accordingly, the court found that Appellant's trial counsel did not act ineffectively by not pursuing a Rule 600 motion.

On appeal, Appellant seems to only take issue with the court's excluding the time between May 27, 2016, and November 14, 2016, and the time between November 22, 2016, and September 7, 2017. First, the court excluded 171 days between May 27, 2016, and November 14, 2016, because that time was used to dispose of Appellant's *omnibus* pretrial motion asserting *habeas* and suppression issues. This Court has previously found that time spent litigating a defendant's pretrial motions is excludable time, unless the Commonwealth fails to exercise due diligence in responding to the motion.

***Commonwealth v. Cook***, 865 A.2d 869, 875-76 (Pa. Super. 2004) (finding excludable a 72-day delay required to litigate Cook's pretrial motion). Appellant does not claim that the Commonwealth failed to act diligently in regard to his pretrial motion, and the record does not indicate any delays caused by the Commonwealth in this regard. Accordingly, we discern no error in the court's exclusion of this 171-day delay.

Second, the PCRA court excluded administrative delay, and delay caused by Appellant, that occurred between November 22, 2016, and September 7, 2017. The court explained that "[o]n November 22, 2016, the Commonwealth presented a motion to set a jury date because it was ready to proceed to trial."[3]  Order at 7 ¶ 2. The court noted that before all jury trials, it schedules a pre-trial conference, and then conducts the jury trial in the same month as the pre-trial conference, unless otherwise requested by the parties. ***See id.*** at 7 n.5. In this case, the court's schedule allowed for it to hold a pre-trial conference for January 5, 2017. However, Appellant filed a motion for a continuance of that pre-trial conference because he sought to change counsel. ***Id.***  Thereafter, Appellant's new attorney requested five more continuances of the pre-trial conference. ***Id.*** Then, when the conference was finally conducted on September 7, 2017, Appellant indicated he "no longer wanted a jury trial" but, instead, he wished to proceed to a non-jury trial. ***Id.***

_____

[3] At that point in the proceedings, Appellant was planning to proceed with a jury trial.

Thus, the court excluded the time between November 22, 2016, and September 7, 2017, as administrative delay and delay caused by Appellant.

Herein, Appellant seemingly argues that the PCRA court's excluding the administrative delay from November 22, 2016, to January 5, 2017, was impermissible because the court failed to cite any legal authority to support that decision. **See** Appellant's Brief at 2 ("[A]ll that … [A]ppellant wants to know is if this 'administrative reasoning' is lawful and[,] if so[,] for the court to explain the legality of it[.]").

Appellant's argument is meritless. Our Supreme Court has stated that "time attributable to the normal progression of a case simply is not 'delay' for purposes of Rule 600[,]" and "that periods of judicial delay are excludible [*sic*] from calculations under the rule…." **Commonwealth v. Mills**, 162 A.3d 323, 325 (Pa. 2017) (internal citations omitted). Likewise, this Court has declared that "delays caused by administrative decisions of the court, decisions over which the Commonwealth has no control, are generally excused." **Commonwealth v. Riley**, 19 A.3d 1146, 1149 (Pa. Super. 2011).

We recognize that recently, in **Commonwealth v. Harth**, 252 A.3d 600 (Pa. 2021), our Supreme Court held

> that, in ruling on a defendant's Rule 600 motion to dismiss, a trial court must first determine whether the Commonwealth has met its obligation to act with due diligence throughout the life of the case; if the Commonwealth meets its burden of proving due diligence, only then may the trial court rely upon its own congested calendar or other scheduling problems as justification for denying the defendant's motion. Otherwise, the due diligence component of Rule 600 "would have little, if any, meaningful import." **Mills**, 162 A.3d at 327 (Wecht, J., concurring).

*Id.* at 618. Here, however, Appellant makes no argument that the Commonwealth failed to exercise due diligence during the at-issue delay. Indeed, the record indicates otherwise, as the Commonwealth filed the November 22, 2016 motion to set a trial date. Thus, the delay between that date and January 5, 2017 — which was the earliest date the court could hold a pre-trial conference due to its busy schedule — was administrative delay that is not attributable to the Commonwealth. Therefore, Appellant's trial counsel did not act ineffectively by not seeking to dismiss Appellant's case for a Rule 600 violation.

Next, Appellant argues that his appellate counsel acted ineffectively by not properly raising a claim, on direct appeal, that the Commonwealth violated Pa.R.Crim.P. 573(b)(1)(g) by failing to produce the authority by which it was permitted to conduct wiretapping of Appellant during the investigation of his cases. By way of background, Appellant's trial counsel made an oral motion, at the close of trial, to suppress evidence based on the Commonwealth's failure to produce written verification that wiretapping conducted in this case was authorized. *See* Trial Court Opinion, 3/13/19, at 1.

> More specifically, [Appellant] claimed that the recorded telephone conversation between [the] confidential informant (CI) and himself on January 6, 2016, as well as a subsequent audio/video recording in the CI's automobile on the same date, at case number 816-2016[,] should be suppressed because the Commonwealth did not produce written verification that the recordings were authorized by the District Attorney pursuant to the Wiretapping and Electronic Surveillance Control Act (Wiretapping Act). In addition, [Appellant] argued that the evidence seized from his apartment regarding the search at case number 787-2016 should

not be considered by the [c]ourt since it was fruit of the poisonous tree[, where] the search of [Appellant's] apartment took place after the video was recorded, and it did not identify [Appellant], nor does it show any hand-to-hand transaction between [Appellant] and the CI.

*Id.* at 1-2.

On direct appeal, Appellant's counsel raised whether "the trial court err[ed] in not granting the oral motion to reconsider the Motion to Suppress when new evidence, adduced through trial testimony, revealed that mandatory discovery disclosure concerning the authority for a wiretap was not produced to [Appellant's] counsel[.]" *Evans*, No. 451 WDA 2019, unpublished memorandum at *3. This Court thoroughly addressed this issue and concluded it was meritless. *Id.* at *4-7.

Appellant now seemingly contends that his appellate counsel should have raised in the principal brief to this Court — rather than in the reply brief — that the trial court should have conducted a hearing on the wiretapping issue before denying it. However, given this Court's determination that the wiretapping claim is meritless, Appellant has not demonstrated that he was prejudiced by counsel's purported error in this regard. Accordingly, his second ineffectiveness claim fails.

Order affirmed.

J-S38011-21

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/08/2022