**COMMONWEALTH of Pennsylvania,
Appellant**

v.

**Hugo Marcus SELENSKI, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 29, 2006.
Filed Feb. 6, 2007.
Reargument Denied April 18, 2007.

David W. Lupas, Asst. Dist. Atty., Wilkes–Barre, for Com., appellant.

Michael B. Senape, Freeland, for appellee.

BEFORE: FORD ELLIOTT, P.J., LALLY–GREEN, and JOHNSON, JJ.

OPINION BY JOHNSON, J.:

¶ 1 The Commonwealth of Pennsylvania appeals the trial court's order dismissing charges of Escape and Weapons or Implements for Escape (the Escape charges) brought against Hugo Marcus Selenski on grounds that the Commonwealth failed to bring the charges to trial within the requisite 365 days prescribed by Criminal Rule 600. The Commonwealth contends that the Escape charges had been previously consolidated with the prosecution of two of Selenski's five pending homicide charges, which were timely prosecuted and reasons that compliance with Rule 600 relative to the Escape charges is established. The trial court concluded that consolidation, as prescribed by Criminal Rule 582 had never occurred and found that the Commonwealth therefore could not comply with Rule 600. Upon consideration of the record, we conclude that the trial court erred in its assessment of the Commonwealth's compliance with Rule 600 and therefore abused its discretion. Accordingly, we reverse its order and reinstate the Escape charges.

¶ 2 This matter arose following an October 11, 2003 prison break from the Luzerne County Jail where Selenski was incarcerated awaiting trial in connection with the alleged homicides of several individuals found buried in his backyard. Selenski and a fellow inmate pried out a window in one of the jail's seventh floor cells and, with the aid of rope made of bedsheets, scaled down the side of the building. Police captured Selenski's cohort shortly after the escape and Selenski turned himself in two days later. On October 13, 2003, the Commonwealth filed a criminal complaint at Luzerne County docket number 3967 of 2003 charging Selenski with Escape and Weapons or Implements for Escape. On October 17, 2003, the Commonwealth presented Luzerne County President Judge Michael T. Conahan with a "Petition for Transfer of Court Cases Pursuant to Pa.R.Crim.P. 130(B)(1)(b)(i)," requesting that "in the interest of judicial economy as well as the convenience of both the parties and the witnesses, that all proceedings relative to both criminal complaints be joined before one (1) District Justice." In response to

the motion, Judge Conahan ordered that "venue and jurisdiction" relative to the Commonwealth's complaint on the Escape charges be transferred from District Justice Martin Kane to District Justice James Tupper, who had previously exercised jurisdiction over the defendant's homicide charges. On January 16, 2004, the court issued a trial management order that included the docket number of this action (3967 of 2003) as well as that of the homicide prosecution at 3966 of 2003. Selenski's arraignment on the Escape charges then followed before District Justice Tupper on February 9, 2004. Selenski pleaded not guilty.

¶ 3 Following his arraignment, Selenski filed an omnibus pre-trial motion at number 3966 (the homicide prosecution) seeking suppression of his admission to a Pennsylvania State Police trooper that the police would find five bodies buried on his property. The trial court granted Selenski's motion on July 7, 2004, concluding that the police had extracted Selenski's confession in violation of the holding in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The Commonwealth appealed that ruling and, by order of March 28, 2005, this Court affirmed. *See Commonwealth v. Selenski*, 876 A.2d 469 (Pa.Super.2005) (unpublished memorandum). Our Supreme Court denied allowance of appeal on December 21, 2005. *See Commonwealth v. Selenski*, 586 Pa. 738, 891 A.2d 732 (2005).

¶ 4 Neither of Selenski's appeals at number 3966 addressed issues concerning his Escape prosecution at number 3967. Accordingly, Selenski filed a "Motion to Dismiss Escape Charge Pursuant to Pa. R.Crim.P. 600" asserting that more than 365 days elapsed during the prosecution of the Escape charges and that not enough of those days were excusable to bring the case within the window of the speedy trial rule. The trial court, the Honorable Peter Paul Olszewski, Jr., agreed with Selenski, concluding that the Escape charges had not been consolidated with the Homicide charges at number 3966 and therefore the Commonwealth could not benefit from the timely prosecution of the homicide action. The court then granted Selenski's motion and dismissed the Escape charge. Thereafter, the Commonwealth brought the two homicide charges at number 3966 to trial in a timely fashion and Selenski was acquitted. The Commonwealth then filed this appeal from the order at number 3967, raising the following question for our consideration:

1. Did the [trial] court abuse its discretion in granting the Defendant's motion to dismiss under Pa.R.Crim.P. Rule 600?

Brief for Appellant at 4.

■ ¶ 5 As the Commonwealth's statement of the question indicates, its appeal challenges the trial court's dismissal of the prosecution under Rule 600(G). "In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion." *Commonwealth v. Jones*, 886 A.2d 689, 698 (Pa.Super.2005) (quoting *Commonwealth v. Hunt*, 858 A.2d 1234, 1238 (Pa.Super.2004) *(en banc))*. "Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration." *Hunt*, 858 A.2d at 1238 (quoting *Commonwealth v. Krick*, 164 Pa.Super. 516, 67 A.2d 746, 749 (1949)). Accordingly, in reaching our determination, we consider whether the evidence adduced at the Rule 600 hearing, viewed in the light most favorable to the prevailing party, supports the trial court's findings, and whether those findings, in turn, conform with applicable law. *See Jones*, 886 A.2d at 699.

¶ 6 Rule 600 imposes an "administrative mandate" upon the Commonwealth to bring every charge to trial within a finite period of time, recognizing that the right of the accused to a speedy trial must be observed. *See Hunt,* 858 A.2d at 1239 (quoting *Commonwealth v. Aaron,* 804 A.2d 39, 42 (Pa.Super.2002) *(en banc))*. Nevertheless, the Rule must be applied in a manner consistent with the protection of the community and "society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it." *Jones,* 886 A.2d at 699 (quoting *Hunt,* 858 A.2d at 1239). Consequently, Rule 600 may not be applied "to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth." *Jones,* 886 A.2d at 699 (quoting *Hunt,* 858 A.2d at 1239). Consideration of the Commonwealth's responsibility for the delay is thus incorporated into the text of the Rule itself:

**Rule 600.   Prompt Trial**

* * * *

(G) For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.

If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a date certain. If, on any successive listing of the case, the Commonwealth is not prepared to proceed to trial on the date fixed, the court shall determine whether the Commonwealth exercised due diligence in attempting to be prepared to proceed to trial. If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant.

Pa.R.Crim.P. 600(G).

¶ 7 Most significantly, both the Rule and the cases in which we have applied it proceed from the premise that "[s]o long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime." *Jones,* 886 A.2d at 699 (quoting *Hunt,* 858 A.2d at 1239). Thus, we do not apply the Rule mechanically nor will we affirm its application where the trial court's construction of it fails to acknowledge the policies it serves. *See Jones,* 886 A.2d at 700 (recognizing that the Commonwealth's conduct in bringing charges to trial must be adjudged on a case-by-case basis). The Commonwealth's stewardship therefore "must be judged by what was done ... rather than [by] what was not done." *Commonwealth v. DeMarco,* 332 Pa.Super. 315, 481 A.2d 632, 636 (1984) (quoting *Commonwealth v. Williams,* 284 Pa.Super. 125, 425 A.2d 451, 455 (1981)).

¶ 8 Here, the trial court limited its own consideration to "whether the Escape and Weapons charges filed [at] No. 3967 of 2003 were consolidated or joined with the homicide charges filed [at] No. 3966 of 2003." Trial Court Opinion, 2/15/06, at 1. This characterization and the trial court's analysis reflect the premise that, due to the passage of more than the number of days allowable under Rule 600 relative to the Escape charges, only consolidation

with a timely prosecuted information could prevent the Escape charges' ultimate dismissal. Neither party disputes that because the Commonwealth pursued an appeal of the trial court's order denying suppression at number 3966 of 2003, the running time of Rule 600 was tolled on the underlying homicide charges and ensuing delay in bringing those charges to trial was excused. *See Commonwealth v. Boczkowski,* 577 Pa. 421, 846 A.2d 75, 83 n. 7 (2004) ("It is settled that '[e]xcusable delay' for purposes of [speedy trial rule] includes delay caused by appellate review of pretrial motions.") (citation omitted). Consequently, both Selenski and the trial court focus intently on whether the Commonwealth's early motion to join number 3966 with number 3967 before the district justice perfected a consolidation of the underlying charges as prescribed by Rule 582. Trial Court Opinion, 2/15/06, at 1–3. The trial court concluded that consolidation was not perfected by virtue of the fact that the Commonwealth failed to invoke Rule 582 and the court, therefore, did not conduct the requisite review. Trial Court Opinion, 2/15/06, at 3–5.

¶ 9 Given that resolution of the issue before us must ultimately depend upon the Commonwealth's exercise of "due diligence" under Rule 600, we find the trial court's reliance upon perfect conformity with Rule 582 somewhat misplaced. We concede, as the trial court advocates, that the Commonwealth's joinder motion did not invoke Rule 582 and, as a consequence, the court did not analyze whether consolidation should be permitted. That issue is easily resolved. As the Commonwealth correctly observes,

> Under Rule 582, informations may be consolidated if the evidence of each of the offenses would be admissible ... in a trial for the other and is capable of separation by the jury so that there is no danger of confusion; or the offenses

charged are based on the same act or transaction. Under these criteria, the offenses were properly consolidated, as evidence of the escape would be admissible in the homicide trial to show the Defendant's consciousness of guilt; evidence of the homicides would be admissible in the escape trial to show the Defendant's motive for escaping; and there is no danger of confusion of these separate offenses in the jury's deliberation. Brief for Appellant at 12 n. 1. *See also Commonwealth v. Natividad,* 565 Pa. 348, 773 A.2d 167, 174 (2001) *(abrogated on other grounds, Commonwealth. v. Freeman,* 573 Pa. 532, 827 A.2d 385 (2003)) ("Crimes charged in separate indictments may be tried together where the evidence of each of the offenses would be admissible in a separate trial for the other and the evidence is capable of separation by the jury so that there is no danger of confusion."). Moreover, the Commonwealth's "Petition for Transfer of Court Cases Pursuant to Pa.R.Crim.P. 130(B)(1)(b)(i)," most certainly gave notice to both Selenski and the trial court of the Commonwealth's intention to pursue the charges together. This conclusion is borne out by Judge Olszewski's trial management order of January 16, 2004, which included the docket number of this action (3967 of 2003) as well as that of the homicide prosecution at 3966 of 2003 and scheduled a trial of both to convene on September 7, 2004. What this state of affairs suggests is that until Selenski filed his Rule 600 motion and prompted the court to re-evaluate the record, both the trial court and the parties assumed that the Escape charges at number 3967 and the homicide charges at number 3966 had been consolidated. When the trial court then discovered that the Commonwealth had never invoked Rule 582 in its

joinder motion, it concluded that because the Rule's procedural mandate had not been applied in the strictest sense, the consolidation had not been achieved and the intervening run time under Rule 600 could not be excluded.

¶ 10 The trial court's resolution fundamentally misconstrues Rule 600. *See DeMarco*, 481 A.2d at 636 (recognizing that "due diligence must be judged by what *was* done ... rather than [by] what was not done") (citation omitted). The proper measure of the Commonwealth's "due diligence" under the Rule "does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a *reasonable* effort has been put forth." *Jones*, 886 A.2d at 700. "Reasonable effort includes such actions as the Commonwealth listing the case for trial prior to the run date to ensure that [defendant] was brought to trial within the time prescribed by Rule [600]." *Id.* (quoting *Commonwealth v. Aaron*, 804 A.2d 39, 43–44 (Pa.Super.2002)) (insertions in *Jones*). Inadvertent administrative errors generally do not defeat proof that the Commonwealth exercised due diligence in attempting to bring a matter to trial. *See Commonwealth v. Wroten*, 305 Pa.Super. 340, 451 A.2d 678, 680–81 (1982) (holding inadvertent administrative error is not enough to defeat due diligence). *See also Commonwealth v. Corbin*, 390 Pa.Super. 243, 568 A.2d 635, 638–39 (1990) (holding inadvertent listing beyond run date due to overburdened docket, meager staff, and administrative breakdown at detention center, excused Commonwealth with respect to unavailability of its witness).

¶ 11 In view of all of the foregoing, we are constrained to conclude that the trial court erred in its application of Rule 600, imposing upon the Commonwealth a burden to achieve a technically perfect joinder under Rule 582 of the Escape charges at number 3967 and the homicide charges at number 3966. Rule 600 compliance does not require perfection but only a reasonable effort. *See Jones*, 886 A.2d at 700. To the extent that a consolidation was necessary to suspend the run date of Rule 600, it was achieved by the Commonwealth's initial consolidation motion and then ratified by the trial court in its trial management order, which treated both actions as if they had been effectively consolidated. Notwithstanding the inadvertence evident in this process, we do not find it adequate grounds for the trial court's conclusion that the Commonwealth violated Rule 600. Having found that no Rule 600 violation occurred, we reverse the trial court's order and reinstate the charges at number 3967 to be brought to trial within the time prescribed by Rule 600(D)(2) (allowing 120 days after remand from appellate court for commencement of trial).

¶ 12 Order **REVERSED.** Case **REMANDED** for reinstatement of charges at number 3967. Jurisdiction **RELINQUISHED.**