J-S16040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JONATHON DUKE JONES, | |
| Appellant | No. 1495 WDA 2016 |

Appeal from the Judgment of Sentence August 30, 2016
in the Court of Common Pleas of Westmoreland County
Criminal Division at No.: CP-65-CR-0000670-2013

BEFORE: MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED APRIL 24, 2017**

Appellant, Jonathon Duke Jones, appeals from the judgment of sentence imposed August 30, 2016, following his non-jury trial conviction of driving under the influence (DUI); DUI—highest rate of alcohol; and failing to yield the right of way at a stop sign.[1] Specifically, he challenges the trial court's denial of his Rule 600 motion to dismiss. We affirm.

We take the factual and procedural history in this matter from our review of the certified record. The docket confirms that the Commonwealth filed a complaint on November 29, 2012 charging Appellant with two counts of DUI and related summary offenses. On July 23, 2013, the court issued a

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(a)(1), (c), and 3323, respectively. The trial court found Appellant not guilty of careless driving, 75 Pa.C.S.A. § 3714(a).

bench warrant for Appellant when he failed to appear for a call of the criminal list. The court vacated the bench warrant on August 1, 2013, and ordered that: "The Court Administrator is directed to schedule the matter for plea during the next available term of Criminal Motions Court." (Order, 8/01/13).

On April 11, 2014, the court administrator scheduled this matter for a plea on May 20, 2014. On May 20, 2014, the court granted defense counsel's continuance motion and placed the matter on the trial list. On June 2, 2014, Appellant filed a motion to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 600. The court conducted a Rule 600 hearing on August 14, 2014.

During the hearing, Marcia Simons, a docket clerk working in the Westmoreland County Clerk's office, testified that the standard procedure when an order comes into the clerk's office is for the docket clerk to make eleven copies of the order and to place the copies in baskets for the judge, the district attorney, the public defender, the court administrator, etc. (**See** N.T. Hearing, 8/14/14, at 5-6). Ms. Simons testified that, after receiving a copy of the August 1, 2013 order, she made copies and placed a copy in each basket. (**See id.** at 6-7).

Pamela Neiderhiser, the criminal court administrator, testified that someone from her office goes to the clerk's office at least twice a day to retrieve orders from their basket, and then manages the court administration's business after receiving those orders. (**See id.** at 11-12).

- 2 -

The standard procedure in her office is for cases with outstanding bench warrants to be placed in a file until the bench warrant was vacated. (*See id.* at 13-14). However, she explained that she did not receive the August 1, 2013 order, and therefore, her office was not aware that the bench warrant had been vacated until April 2014. (*See id.* at 13).

On January 21, 2015, the trial court denied Appellant's motion to dismiss, finding that the time between August 1, 2013, and May 20, 2014, "was caused by a clerical error in the Court Administrator's Office that was outside the control of the Commonwealth." (Order, 1/21/15). The court concluded that the evidence did not establish that the Commonwealth failed to exercise due diligence in bringing the case to trial. (*See id.*).

After a non-jury trial on March 10, 2016,[2] the trial court found Appellant guilty of the DUI and duties at a stop sign charges and deferred sentencing. On August 30, 2016, Appellant was sentenced to not less than five days, nor more than six months of incarceration in Westmoreland

---

[2] The trial court continued this case on February 17, 2015, because there was no time remaining during the trial term to try the case, and rescheduled it for the April trial term. (*See* Order, 2/17/15). The court granted a defense motion for continuance on March 26, 2015, and rescheduled the case until the next available criminal non-jury trial, August 14, 2015. (*See* Order, 3/26/15; Notice of Non-Jury Trial, 7/16/15). The trial court granted the Commonwealth's motion to postpone trial on August 13, 2015, and rescheduled the trial for the next available non-jury trial, March 10, 2016. (*See* Order, 8/13/15; Notice of Non-Jury Trial, 2/18/16). Appellant did not raise any challenge to any periods of delay following denial of his Rule 600 motion to dismiss.

County Prison. On September 30, 2016, the trial court granted Appellant's petition for leave to file an appeal *nunc pro tunc*, and Appellant filed notice of his appeal.[3]

Appellant raises one issue on appeal.

> 1. Did the trial court abuse its discretion when it denied the Appellant's motion to dismiss for the Commonwealth's failure to bring the matter to trial in a speedy fashion as required by Rule 600 of the Pennsylvania Rules of Criminal Procedure?

(Appellant's Brief, at 4) (most capitalization omitted).

In his issue, Appellant argues that the trial court erred in denying his motion to dismiss pursuant to Rule 600, because he was not brought to trial within 365 days after the complaint was filed, and the Commonwealth failed to exercise due diligence in bringing him to trial. (*See id.* at 8-13). We disagree.

We review Appellant's Rule 600 argument according to the following principles:

> In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is

---

[3] Pursuant to the court's order, Appellant filed a concise statement of errors complained of on appeal on October 18, 2016. *See* Pa.R.A.P. 1925(b). On October 27, 2016, the trial court entered a decree that the reasons for its ruling could be found in the court's January 21, 2015 order denying the Rule 600 motion to dismiss. *See* Pa.R.A.P. 1925(a).

manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters . . . , courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Armstrong*, 74 A.3d 228, 234–35 (Pa. Super. 2013), *appeal denied*, 84 A.3d 1061 (Pa. 2014) (citation omitted).

Rule 600 provides in pertinent part: "Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). The rule further states:

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be

- 5 -

included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(C)(1).

> To summarize, the courts of this Commonwealth employ three steps . . . in determining whether Rule 600 requires dismissal of charges against a defendant. First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.

> If the trial takes place after the adjusted run date, we apply the due diligence analysis set forth in Rule 600([D]). As we have explained, Rule 600[ ] encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. Any such period of delay results in an extension of the run date. Addition of any Rule 600[ ] extensions to the adjusted run date produces the final Rule 600 run date. If the Commonwealth does not bring the defendant to trial on or before the final run date, the trial court must dismiss the charges.

> Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth.

*Armstrong*, *supra* at 236 (citations and quotation marks omitted).

"[D]elays caused by administrative decisions of the court, decisions over which the Commonwealth has no control, are generally excused." *Commonwealth v. Riley*, 19 A.3d 1146, 1149 (Pa. Super. 2011) (citation omitted). Furthermore, "where a period of delay is caused by the defendant's willful failure to appear at a court proceeding of which he has

- 6 -

notice, exclusion is warranted." ***Commonwealth v. Baird***, 975 A.2d 1113, 1118 (Pa. 2009) (citation omitted).

> Most significantly, both the Rule and the cases in which we have applied it proceed from the premise that so long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. Thus, we do not apply the Rule mechanically nor will we affirm its application where the trial court's construction of it fails to acknowledge the policies it serves. The Commonwealth's stewardship therefore must be judged by what was done . . . rather than by what was not done.

***Commonwealth v. Selenski***, 919 A.2d 229, 232 (Pa. Super. 2007), *affirmed*, 994 A.2d 1083 (Pa. 2010) (case citations, some punctuation and internal quotation marks omitted).

Here, the Commonwealth filed a complaint charging Appellant on November 29, 2012. (***See*** Complaint, 11/29/12). Therefore, Appellant's mechanical run date was November 29, 2013. ***See*** Pa.R.Crim.P. 600(A)(2)(a).

After Appellant was arraigned, he failed to appear for the call of the criminal list on July 23, 2013, and the trial court issued a bench warrant for his arrest. (***See*** Bench Warrant, 7/23/13). On August 1, 2013, the trial court issued an order vacating the bench warrant and directing the court administrator to schedule the matter for a plea during the next available term of criminal motions court. (***See*** Order, 8/01/13). The court administrator did not receive a copy of the order. (***See*** N.T. Hearing, at 13).

She testified that upon learning about the order in April 2014, she scheduled the matter for the next available plea court, on May 20, 2014. (***See id.*** at 14).

The record from the Rule 600 hearing supports the trial court's conclusion that the 292-day delay between August 1, 2013, and May 20, 2014, was a clerical error that should not be attributed to the Commonwealth. (***See*** Order, 1/21/15); ***see also Riley***, ***supra*** at 1149; ***Armstrong***, ***supra*** at 237 (quoting ***Commonwealth v. Preston***, 904 A.2d 1, 14 (Pa. Super. 2006) (*en banc*), *appeal denied*, 916 A.2d 632 (Pa. 2007)) ("It is long-established that judicial delay may serve as a basis for extending the period of time within which the Commonwealth may commence trial[.]"). The record is devoid of any suggestion of Commonwealth misconduct. ***See Selenski***, ***supra*** at 232. In addition, we conclude that the eight-day period between July 23, 2013—when Appellant did not appear at the call of the criminal case—and August 1, 2013—when the court vacated the bench warrant—was caused by Appellant's willful failure to appear, and therefore that time is excludable as well. ***See Baird***, ***supra*** at 1118.

Therefore, we conclude that 300 days should be added to the mechanical run date, bringing the adjusted run date to September 25, 2014. ***See*** Pa.R.Crim.P. 600(C)(1) ("Any other periods of delay [*i.e.*, not caused by the Commonwealth,] shall be excluded from the computation."). Because the adjusted run date had not yet occurred when Appellant filed his motion

to dismiss on June 2, 2014, we conclude that the trial court did not abuse its discretion in denying that motion.

Accordingly, Appellant's challenge to the trial court's denial of his Rule 600 motion to dismiss is meritless.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2017