J-S28039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUSTIN JAMES CENTRA | : | |
| | : | |
| Appellant | : | No. 1097 WDA 2022 |

Appeal from the Judgment of Sentence Entered April 1, 2022
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000182-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUSTIN JAMES CENTRA | : | |
| | : | |
| Appellant | : | No. 1165 WDA 2022 |

Appeal from the Judgment of Sentence Entered April 1, 2022
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000942-2020

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: October 24, 2023**

Appellant, Justin James Centra, appeals from the judgment of sentence entered in the Court of Common Pleas of Clearfield County after a jury found him guilty of Attempt to Commit Aggravated Indecent Assault of a Child; three counts of Indecent Assault; Indecent Exposure; three counts of Corruption of

_____

[*] Former Justice specially assigned to the Superior Court.

a Minor; Terroristic Threats, nineteen counts of Intimidation of Witnesses or Victims; and nineteen counts of Intimidation, Retaliation or Obstruction in Child Abuse Cases. Classified as a sexually violent predator and sentenced to an aggregate term of incarceration of eighteen years and three months to forty-two-years' incarceration, Appellant challenges the consolidation of his cases, the jury instruction on the charge of Intimidation of Witnesses, and the legality of his sentence on the charge of Intimidation of Witnesses. We affirm.

The trial court sets forth the relevant facts and procedural history, as follows:

> On August 24, 2020, Lawrence Township Police Department received a call regarding sexual abuse of a minor. [K.W.] reported that her stepdaughter, L.W., had returned home in the middle of the night from her grandmother, [S.C.'s], house. Also at the house was J.C., L.W.'s cousin, and Defendant [hereinafter "Appellant"], Justin Centra. Appellant is [related to all persons noted]. L.W. reported that she woke up around 3 a.m. to find Appellant rubbing her legs and trying to get into her pants. Appellant also asked L.W. if she would show Appellant "hers", and if L.W. would like to see "his." L.W. then contacted a friend and asked the friend to give her a ride home.
>
> L.W. was taken to the Child Advocacy Century ("CAC") for an interview. While L.W. was being interviewed, J.C. contacted K.W. and stated that Appellant had also been abusing J.C. for several years. Subsequently, J.C. was interviewed at the CAC. During her interview, J.C. recalled multiple instances of sexual abuse by Appellant. J.C. additionally claimed that Appellant was verbally and physically abusive.
>
> Based on the statements of J.C. and L.W., a Criminal Complaint was filed against Appellant on August 25, 2020. The Complaint charged Appellant with Aggravated Indecent Assault of a Child, 18 Pa.C.S.A. § 3125(b); Attempted Aggravated Indecent Assault of a Child, 18 Pa.C.S.A. § 3125(b); Corruption of Minors, 18 Pa.C.S.A. § 6301(a)(1)(ii); Indecent Exposure, 18 Pa.C.S.A. § 3127(a);

- 2 -

Terroristic Threats, 18 Pa.C.S.A. § 2706(a)(1); and Disorderly Conduct, 18 Pa.C.S.A. § 5503(a)(4). Appellant had his preliminary hearing on September 9, 2020, and all charges were waived to Court.

While Appellant was detained pending trial on the Aggravated Indecent Assault case, Appellant wrote sixteen letters to J.C. and made a total of twenty phone calls to J.C., [S.C.], and [K.W.] Within the majority of the letters, Appellant instructed J.C. to tell the doctor, the District Attorney, and the Judge that she wanted Appellant to be released from jail. Additionally, Appellant told J.C. that she needed to tell the District Attorney that J.C. heard Appellant snoring during the time that L.W. accused Appellant of assaulting her. Moreover, Appellant instructed J.C. to tell the doctor and the District Attorney that J.C. only said that Appellant was abusing her because J.C. was upset that Appellant was not spending his money on J.C.

Between August 28, 2020, and December 15, 2020, Appellant made numerous phone calls while he was incarcerated. Over the phone, Appellant instructed [S.C.], J.C, and [K.W.] to tell the District Attorney that L.W. was lying. He further instructed [S.C.] and [K.W.] to take L.W. to the District Attorney's office and have L.W. tell them she was lying about the incident. On December 16, 2020, [K.W.] took L.W. to the District Attorney's Office; once there, L.W. left a message that she needed to tell the District Attorney that she lied about the incident.

Based on the letters and phone calls made by Appellant, a second Criminal Complaint was filed on February 10, 2021. The second Complaint charged Appellant with Intimidation of Witnesses or Victims, 18 Pa.C.S.A. § 4952(a)(2); Intimidation, Retaliation or Obstruction in Child Abuse Cases, 18 Pa.C.S.A. § 4958(a)(2)(ii); and Obstruction 18 Pa.C.S.A. § 4958(b.1). Appellant waived his preliminary hearing on February 24, 2021, and all charges were bound over to Court. Afterwards, both cases proceeded with the normal pre-trial filings and procedures. On May 25, 2021, the Commonwealth filed a Motion to Consolidate the two cases. A hearing on the Commonwealth's Motion was held on June 28, 2021. Subsequently, [the trial court] granted the Motion, and the two cases were joined for the purposes of a jury trial.

A three-day jury trial began on September 29, 2021. On October 1, 2021, the jury convicted Appellant of Attempt to Commit

Aggravated Indecent Assault of a Child; three counts of Indecent Assault; Indecent Exposure; three counts of Corruption of a Minor; Terroristic Threats; nineteen counts of Intimidation of Witnesses or Victims; and nineteen counts of Intimidation, Retaliation or Obstruction in Child Abuse Cases.[fn]  A hearing to determine whether Appellant is a sexually violent predator and a sentencing hearing was held on April 1, 2022.  [The trial court] classified Appellant as a sexually violent predator and sentenced Appellant to an aggregate term of incarceration of eighteen years and three months to forty-two years.

---

Fn:    Appellant was found not guilty of the Aggravated Indecent Assault of a Child charge regarding J.C.; Intimidation of Witnesses or Victims regarding L.W.; Intimidation, Retaliation or Obstruction in Child Abuse Cases regarding L.W.; and twenty counts of Obstruction.

---

Appellant filed a Post-Sentence Motion on April 27, 2022.  On October 24, 2022, [the trial court] entered an Order denying Appellant's Post-Sentence Motion by operation of law due to the expiration of the 120-day deadline.  Appellant filed a Notice of Appeal on September 22, 2022.  Following Order of this Court, the Appellant submitted [its] Matters Complained of on Appeal [pursuant to Pa.R.A.P. 1925(b)].

Trial Court Opinion, 12/21/2022, at 1-3.

Appellant raises in his counseled appellate brief the following preserved issues for our consideration:

1. Whether the [trial court] erred when it granted the Commonwealth's motion to consolidate Case No. CP-17-CR-942-2020 and CP-17-CR-182-2021 for Trial?

2. Whether the [trial court] erred when it failed to instruct the jury that they must find that the Intimidation of Witnesses counts amount to a Felony of the 1st Degree?

3. Whether the Trial Court erred when it sentenced [Appellant] for counts of Intimidation of Witnesses as felonies of the first degree, when a finding that such counts were felony 1 offenses was required to be made by the jury beyond a reasonable doubt?

Brief of Appellant at 6.

Appellant first contends that the trial court erred when it granted the Commonwealth's motion to consolidate the case at No. 182 of 2021, charging him with witness intimidation and/or improper interaction with victims and witnesses, with the case at No. 942 of 2020, charging him with the underlying offenses committed against L.W. The trial court's decision in this regard is reviewable under an abuse of discretion standard, as this Court has consistently held that whether "separate indictments should be consolidated for trial is within the sole discretion of the trial court and such discretion will be reversed only for a manifest abuse of discretion or prejudice and clear injustice to the defendant." *Commonwealth v. Ferguson*, 107 A.3d 206, 210 (Pa. Super. 2015) (citations omitted). "Appellant bears the burden of establishing such prejudice." *Id.* (quoting *Commonwealth v. Melendez–Rodriguez*, 856 A.2d 1278, 1282 (Pa. Super. 2004) (*en banc* )).

The Pennsylvania Rules of Criminal Procedure govern the joinder and severance of offenses as follows:

**Rule 582. Joinder—Trial of Separate Indictments or Informations**

**(A) Standards**

(1) Offenses charged in separate indictments or informations may be tried together if:

- 5 -

(a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or

(b) the offenses charged are based on the same act or transaction.

＊ ＊ ＊

Pa.R.Crim.P. 582(A)(1).

**Rule 583.  Severance of Offenses or Defendants**.

The court may order separate trials of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together.

Pa.R.Crim.P. 583.  Under Rule 583, the prejudice the defendant suffers due to the joinder must be greater than the general prejudice any defendant suffers when the Commonwealth's evidence links him to a crime. ***Commonwealth v. Lauro***, 819 A.2d 100, 107 (Pa. Super. 2003), *appeal denied*, 574 Pa. 752, 830 A.2d 975 (2003).

The prejudice of which Rule [583] speaks is, rather, that which would occur if the evidence tended to convict [the] appellant only by showing his propensity to commit crimes, or because the jury was incapable of separating the evidence or could not avoid cumulating the evidence. Additionally, the admission of relevant evidence connecting a defendant to the crimes charged is a natural consequence of a criminal trial, and it is not grounds for severance by itself.

***Id.*** (quoting ***Commonwealth v. Collins***, 703 A.2d 418, 422 (Pa. 1997), *cert. denied*, 525 U.S. 1015, 119 S.Ct. 538, 142 L.Ed.2d 447 (1998)) (internal citations omitted).

From these two rules, our Supreme Court established the following test

for deciding whether a court should join or sever charges:

> [1] whether the evidence of each of the offenses would be admissible in a separate trial for the other; [2] whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these questions are in the affirmative, [3] whether the defendant will be unduly prejudiced by the consolidation of offenses.

*Collins*, 703 A.2d at 422 (quoting *Commonwealth v. Lark*, 543 A.2d 491,

496–97 (Pa.1988)).

> Nevertheless, evidence of other crimes is admissible to demonstrate:

> (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the others; or (5) to establish the identity of the person charged with the commission of the crime on trial, in other words, where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other.

*Commonwealth v. Janda*, 14 A.3d 147, 156 (Pa. Super. 2011) (quoting

*Commonwealth v. Morris*, 425 A.2d 715, 720 (Pa. 1981)).

Evidence of other crimes also may be admitted to demonstrate the

defendant's consciousness of guilt. *Commonwealth v. Selenski*, 919 A.2d

229 (Pa. Super. 2007), *aff'd*, 994 A.2d 1083 (Pa. 2010) (stating: "[T]he

offenses were properly consolidated, as evidence of the escape would be

admissible in the homicide trial to show the Defendant's consciousness of

guilt; evidence of the homicide would be admissible in the escape trial to show

the Defendant's motive for escaping..."). "Additionally, evidence of other

crimes may be admitted where such evidence is part of the history of the case and forms part of the natural development of the facts." ***Commonwealth v. Dozzo***, 991 A.2d 898, 902 (Pa. Super. 2010) (quoting ***Collins***, 703 A.2d at 423).

The above jurisprudence applies in the case *sub judice*. Here, the sexual assault-related offenses were admissible to establish motive for the charged witness intimidation—which allegedly began four days after the assault charges were filed—and the witness intimidation offense was admissible to show consciousness of guilt of the charged sexual assault. Moreover, the overarching timeline of events comprising the two charges would be admissible at a trial at each docket to relate the complete sequence of relevant events. ***See*** Rule 582, *supra*. Finally, unfair prejudice would not result, as a jury could easily separate the evidence to the extent they involved distinct allegations of conduct occurring on different dates and locations. Accordingly, we conclude the trial court did not abuse its discretion in granting the Commonwealth's motion for joinder.

In his remaining argument, Appellant addresses both his second and third issues assailing, respectively, jury instructions to the intimidation of witnesses charges and the legality of his sentences on those convictions. The basis for each issue is Appellant's contention that the trial court violated

***Apprendi*** and its progeny[1] by instructing the jury that the most serious crime the Commonwealth had charged him with was a felony of the first degree, rather than allowing the jury to determine the most serious charges filed against him. Appellant misconstrues the factual determination to be made by the jury in deliberating on a witness intimidation case.

When reviewing a challenge to a jury instruction, we review the charge as a whole to determine if it is fair and complete. ***Commonwealth v. Lake***, 281 A.3d 341, 347 (Pa. Super. 2022), appeal denied, 291 A.3d 333 (Pa. 2023) (citing ***Commonwealth v. Postie***, 200 A.3d 1015, 1026 (Pa. Super. 2018) (*en banc*)). "The trial court commits an abuse of discretion only when there is an inaccurate statement of the law." ***Id.*** (citation omitted). "A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error." ***Id.*** (citation omitted).

---

[1] In ***Apprendi v. New Jersey***, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) the U.S. Supreme Court found that the Sixth Amendment requires a jury to find beyond a reasonable doubt "any fact that increases the penalty for a crime beyond the prescribed statutory maximum[.]" In other words, "any fact that increase[s] the prescribed statutory maximum sentence must be an 'element' of the offense [and] be found by a jury." ***Alleyne v. United States***, 570 U.S. 99, 106, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). The U.S. Supreme Court applied this principle to a criminal statute that increased the mandatory minimum sentence based on a finding that the defendant "brandished" a firearm and concluded that "facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." ***Id.*** at 117, 133 S.Ct. 2151.

In this Court's recent decision in *Lake*, we clarified that "the factual determination [required of a jury deliberating over a witness intimidation charge] is whether the act of intimidation is connected to the particular prosecution." *Id.* at 350. We set forth the governing statutory scheme, and explained that the statute's focus is on the most serious crime charged, since that is the one a criminal defendant attempts to escape by use of intimidation:

> The Crimes Code provides that when determining the grade for a conviction for Intimidation, the sentencing court must grade an Intimidation conviction according to the most serious crime that a defendant prevented a witness from reporting or testifying about. Of most importance to our analysis, however, is that the sentencing court must consider the **charge** that the Commonwealth filed against a defendant to determine the grading of the crime that the defendant prevented a witness from reporting. The statute does not require the sentencing court to consider whether the defendant is convicted of the underlying crime:
>
>    (b) **Grading.**—
>
>      (1) The offense is a felony of the degree indicated in paragraphs (2) through (4) if:
>
>         \* \* \*
>
>      (2) The offense is a felony of the first-degree if a felony of the first-degree or murder in the first or second degree **was charged in the case** in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.
>
>      (3) The offense is a felony of the second degree if a felony of the second degree is **the most serious offense charged in the case** in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.

(4) The offense is a felony of the third degree in any other case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.

(5) Otherwise the offense is a misdemeanor of the second degree.

18 Pa.C.S. §§ 4952(b)(1)-(5) (some emphasis added).

*Id.* at 348–49.

*Lake* then discussed the recent decision in ***Commonwealth v. Dixon***, 255 A.3d 1258, 1264 (Pa. 2021), in which the Pennsylvania Supreme Court held an ***Apprendi*** violation occurred because the jury instruction represented the first time the jury learned that Dixon's first-degree felony charge of witness intimidation was connected to his attempt to suppress testimony in a separate murder trial. Initially, the Court observed that under Section 4952(b)(2), "if a defendant intimidated a witness from testifying at a trial in which the Commonwealth had charged a defendant with a first-degree felony, then the sentencing court is to grade the Intimidation conviction as a first-degree felony. 18 Pa.C.S. § 4952(b)(2)." *Id.* at 350-51. Turning to the facts before it, however, the Supreme Court noted that although defendant Dixon was charged with intimidating a murder trial witness, the Commonwealth had not presented at his trial any evidence about the charge brought at the separate trial. It held, therefore, that this omission precluded the jury from making the factual connection between Dixon's act of Intimidation and the first-degree felony charge prosecuted in his friend's trial. Instead, it was the

trial court that made the factual connection, which brought about the *Apprendi* violation.

*Dixon* affords Appellant no relief, however, for its facts are distinguishable from those in the case *sub judice*. Here, the record establishes that the Commonwealth presented evidence to the jury that Appellant was charged with first-degree felony sexual assault and thereafter attempted to intimidate and influence his alleged victims and other prospective witnesses to make statements that would result in his release. As such, this case comes squarely under *Lake*, as jury was presented with facts connecting the act of intimidation to a particular prosecution. Accordingly, Appellant's *Apprendi*-based challenge to the jury charge fails.

Our disposition of Appellant's second issue is likewise dispositive of his final issue directed at the legality of his sentence. "The defendant or the Commonwealth may appeal as of right the legality of the sentence." 42 Pa.C.S.A. § 9781(a). "A challenge to the legality of sentence is a question of law; our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Alston*, 212 A.3d 526, 528 (Pa. Super. 2019).

> A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Likewise, a sentence that exceeds the statutory maximum is illegal. If a court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction.

***Commonwealth v. Infante***, 63 A.3d 358, 363 (Pa. Super. 2013) (internal citations and quotation marks omitted).

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." ***Apprendi, supra*** at 490, 120 S.Ct. at 2362-63, 147 L.Ed.2d at −−−−.

As discussed, *supra*, the Commonwealth presented to the jury a factual predicate for the first-degree felony charge under Section 4952(b)(2), and the jury found this and every other element to the charge proven beyond a reasonable doubt. Consequently, because the Appellant's sentence was within statutorily prescribed legal parameters for a first-degree felony grade of Intimidation of a Witness, Appellant's challenge is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/24/2023